UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ABDULALEEM RASHEED-EL, | ) | CASE NO. 1:13 CV 2283 |
| Plaintiff, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) ) | MEMORANDUM OF OPINION |
| CHRISTOPHER ROTHGERY, Judge, et al., | ) ) | AND ORDER |
| Defendants. | ) | |

On October 15, 2013, plaintiff *pro se* Abdulaleem Rasheed-El, an inmate at the Lake Erie Correctional Institution, filed this action against the following defendants: Lorain County Court of Common Pleas Judge Christopher Rothgery, Lorain Prosecutor Dennis P. Will, Lorain County Assistant Prosecutor Chris A. Pyanowski, Lorain Municipal Court Judge James Elway, Lorain County Police Chief Saul Rivera, Attorney David Nehr, and Lorain County Recorder Judith M. Nedwick. The document initiating this action is entitled: "Criminal Complainant and Affidavit of Information." While this document is unclear, it appears plaintiff seeks to bring criminal charges against defendants in connection with his prosecution and convictions in the Lorain County Court of Common Pleas.[1] For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

---

[1] Mr. Rasheed-El has multiple criminal convictions stemming from three cases in the Lorain County Court of Common Pleas. *See, State v. Rasheed*, Lorain Cty. Comm. Pls. Case Nos. 10CR081801, 11CR082978 and 11CR083158.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

As a threshold matter, criminal actions in the federal courts must be initiated by the United States Attorney.  28 U.S.C. § 547; Fed. R. Crim. P. 7(c); plaintiff cannot independently bring criminal charges against defendants.  Further, to the extent plaintiff seeks to challenge his prosecutions in the Lorain County Court of Common Pleas and resulting incarceration, the Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).  Finally, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Accordingly, this action is dismissed without prejudice under section 1915A.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: March 11, 2014               *s/        James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE